# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THREE MILLION SEVENTY-TWO THOUSAND, TWO HUNDRED SIXTY-SIX DOLLARS AND FIFTY-NINE CENTS ($3,072,266.59) IN UNITED STATES CURRENCY, MORE OR LESS, SEIZED FROM E*TRADE SECURITIES LLC ACCOUNT XXXX5221 TITLED TO FOREIGN EXCHANGE BANK CORP. f/k/a MCS INTERNATIONAL BANK INC.; *et al.*, <br><br> Defendants *in rem*. <br><br> GUILLERMO GUIÑAZÚ, <br> FOREIGN EXCHANGE BANK CORP., and JOSE MANUEL GUIÑAZÚ, <br><br> Claimants. | CIVIL NO. 19-CV-1236 (FAB) <br><br> JURY TRIAL REQUESTED |

## AMENDED ANSWER

Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimants Guillermo Guiñazú, Foreign Exchange Bank Corps, f/k/a MCS International Bank Inc., and Jose Manuel Guiñazú ("Claimants") set forth the following Answer and Affirmative Defenses to the Complaint for Forfeiture In Rem.

Any response which states in substance that Claimants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations is deemed under the applicable federal rules to function as a denial which puts the plaintiff to its proof.

## ANSWERS TO THE NATURE OF THE ACTION

1. Paragraph 1 contains conclusions of law as to which no response is required.

1

2. Claimants admit that Guillermo Guiñazú ("G. Guiñazú") established and licensed financial entities in the U.S. Virgin Islands and the Commonwealth of Puerto Rico. The remaining allegations in Paragraph 2 are denied.

3. Paragraph 3 contains conclusions of law as to which no response is required. To the extent Paragraph 3 contains allegations fact they are denied.

4. Claimant admits that G. Guiñazú transacted business with clients in Central and South America, including businesses affiliated with members of his family. The remainder of Paragraph 4 contains conclusions of law as to which no response is required. Any allegations of fact that are not expressly admitted are denied.

5. Admitted in part, denied in part. Claimants admit that the defendants in rem consist of funds seized from brokerage accounts. Furthermore, Paragraph 5 contains conclusions of law as to which no response is required. Any allegations of fact that are not expressly admitted are denied.

## JURISDICTION AND VENUE

6. Admitted.

7. Claimants admit that venue is appropriate. To the extent this Paragraph contains allegations of fact they are denied.

## THE DEFENDANTS *IN REM*

8. Admitted.

9. Admitted.

10. Admitted.

11. Claimants admit the facts as to the seizure of the funds but have no knowledge as to where the funds are presently held and thus any such allegations are denied.

## FACTS

12. Paragraph 12 contains conclusions of law as to which no response is required.

13. Paragraph 13 contains conclusions of law as to which no response is required

14. Paragraph 14 contains a statement of law as to which no response is required.

15. Admitted.

16. Admitted.

17. Admitted in part, denied in part. Claimants admit that G. Guiñazú held the titles of President and Chief Executive Officer of MCS International Bank Inc. ("MCS"), as the entity is defined within the Complaint at n.1, and that he was the sole shareholder of this entity. Claimants further admit that G. Guiñazú was the President and majority shareholder for ForEx, as the entity is defined within the Complaint at n.1. The remainder of Paragraph 17 contains conclusions of law as to which no response is required. Any allegations of fact that are not expressly admitted are denied.

18. Admitted.

19. Admitted.

20. As Cooperative A is not identified, Claimants can neither admit nor deny the factual allegations within Paragraph 20. Any allegations of fact that are not expressly admitted are denied.

21. Paragraph 21 contains conclusions of law as to which no response is required.

22. As Financial Institution #1 is not identified, Claimants can neither admit nor deny the factual allegations within Paragraph 22. Any allegations of fact that are not expressly admitted are denied.

23. As Financial Institution #2 is not identified, Claimants can neither admit nor deny the factual allegations within Paragraph 23. Any allegations of fact that are not expressly admitted are denied.

24. As Person #1 is not identified, Claimants can neither admit nor deny the factual allegations within Paragraph 24. Any allegations of fact that are not expressly admitted are denied.

25. Claimants admit that in October 2015, the Lt. Governor's Office of The U.S. Virgin Islands granted MCS a permit to organize and that MCS was incorporated in the U.S. Virgin Islands. As Financial Institution #2 is not identified, Claimants can neither admit nor deny the remainder of the factual allegations in Paragraph 25. Any allegations of fact that are not expressly admitted are denied.

26. Admitted.

27. As Cooperative A is not identified, Claimants can neither admit nor deny the factual allegations within Paragraph 27. Any allegations of fact that are not expressly admitted are denied.

28. As Cooperative A and Person #1 are not identified, Claimants can neither admit nor deny the factual allegations within Paragraph 28. Furthermore, this Paragraph contains conclusions of law as to which no response is required. Claimants deny that any false material statements were transmitted via interstate or international wires or any such fraudulent scheme existed. Any allegations of fact that are not expressly admitted are denied.

29. As Cooperative A and Person #1 are not identified, Claimants can neither admit nor deny the factual allegations within Paragraph 29. Furthermore, Paragraph 29 contains conclusions of law as to which no response is required. Claimants deny making any false

statements to any financial institution. Any allegations of fact that are not expressly admitted are denied.

30. As Cooperative A is not identified, Claimants can neither admit nor deny the factual allegations within Paragraph 30. Furthermore, Paragraph 30 contains conclusions of law as to which no response is required. Any allegations of fact that are not expressly admitted are denied.

31. Claimants admit that MCS began operating on or about October 2016. Claimants further admit that MCS's clients obtained MCS's services and that these clients were assigned unique account numbers with MCS. Claimants further admit that clients were provided with wire instructions for MCS's Operational Account and that clients have wired funds to said account. As Cooperative A is unidentified, Claimants can neither confirm nor deny the remainder of the factual allegations within Paragraph 31. Furthermore, Paragraph 31 contains conclusions of law to which no response is required. Claimant denies the existence of any scheme to conceal. Any allegations of fact that are not expressly admitted are denied.

32. Denied.

33. Claimants deny the conclusion as to the primary use of MCS' accounts. Otherwise, the paragraph is admitted.

34. Paragraph 34 contains conclusions of law as to which no response is required. Any other factual allegations within Paragraph 34 are denied.

35. Paragraph 35 contains conclusions of law as to which no response is required. Any other factual allegations within Paragraph 35 are denied.

36. Paragraph 36 contains conclusions of law as to which no response is required. Any other factual allegations within Paragraph 36 are denied.

5

37. Admitted except to the extent the Paragraph characterizes the account as a "personal account," that allegation is denied.

38. Admitted.

39. Admitted.

40. Admitted in part, denied in part. Claimants admit that E* Trade Account #2 was opened on or about January 6, 2017 and that the account-opening application identifies G. Guiñazú and Shuford as co-authorized persons and bears Guiñazú's digital signature. The remainder of the factual allegations in Paragraph 40 are denied.

41. Admitted in part, denied in part. Claimants admit that a representative of E*Trade requested a corporate resolution in connection with the opening of E*Trade Account #2. All other factual allegations in Paragraph 41 are denied. Furthermore, Paragraph 41 contains conclusions of law as to which no response is required.

42. Paragraph 42 contains conclusions of law as to which no response is required. Any other factual allegations within Paragraph 42 are denied.

43. Paragraph 43 contains conclusions of law as to which no response is required. Any other factual allegations within Paragraph 43 are denied.

44. Admitted in part, denied in part. Claimants admit that after opening E*Trade accounts #1 and #2, G. Guiñazú was asked at various times to provide additional information and that G. Guiñazú responded to these inquiries via email or the messaging application WhatsApp. Furthermore, Paragraph 44 contains conclusions of law as to which no response is required. Any allegations of fact that are not expressly admitted are denied.

45. Paragraph 45 contains conclusions of law as to which no response is required. Any factual allegations within Paragraph 45 are denied.

46. Paragraph 46 contains conclusions of law as to which no response is required. Any factual allegations within Paragraph 46 are denied.

47. Paragraph 47 contains conclusions of law as to which no response is required. Any factual allegations within Paragraph 47 are denied.

48. Paragraph 48 contains conclusions of law as to which no response is required. Any factual allegations within Paragraph 48 are denied.

49. Admitted in part, denied in part. Claimants admit that on or about January 27, 2017, ForEx was incorporated in the Commonwealth of Puerto Rico. Claimants further admit that ForEx obtained a license to operate as an international financial entity on or about July 12, 2017. Claimants have insufficient information with which to admit or deny the remainder of the factual allegations within Paragraph 49. Any allegations of fact that are not expressly admitted are denied.

50. As Cooperative A is not identified, Claimants cannot admit nor deny the factual allegations within Paragraph 50. Any allegations of fact that are not expressly admitted are denied.

51. As Financial Institution #1 is not identified, Claimants cannot admit nor deny the factual allegations within Paragraph 51. Any allegations of fact that are not expressly admitted are denied.

52. As Financial Institution #1 and Cooperative A are not identified, Claimants cannot admit nor deny the factual allegations within Paragraph 52. Furthermore, Paragraph 52 contains conclusions of law that require no response. Any allegations of fact that are not expressly admitted are denied.

53. As Financial Institution #1 and Cooperative A are not identified, Claimants cannot admit nor deny the factual allegations within Paragraph 53. Furthermore, Paragraph 53 contains conclusions of law that require no response. Any allegations of fact that are not expressly admitted are denied.

54. As Financial Institution #1 is not identified, Claimants cannot admit nor deny the factual allegations within Paragraph 54. Furthermore, Paragraph 54 contains conclusions of law that require no response. Any allegations of fact that are not expressly admitted are denied.

55. As Financial Institution #1 is not identified, Claimants cannot admit nor deny the factual allegations within Paragraph 55. Furthermore, Paragraph 55 contains conclusions of law that require no response. Any allegations of fact that are not expressly admitted are denied.

56. As Financial Institution #1 and Cooperative A are not identified Claimants cannot admit nor deny the factual allegations within Paragraph 56. Furthermore, Paragraph 56 contains conclusions of law that require no response. Any allegations of fact that are not expressly admitted are denied.

57. As Cooperative A is not identified, Claimants cannot admit nor deny the factual allegations within Paragraph 57. Furthermore, Paragraph 57 contains conclusions of law that require no response. Any allegations of fact that are not expressly admitted are denied.

58. Claimants have insufficient information with which to admit or deny the allegations in Paragraph 58 and thus they are denied. Furthermore, Paragraph 58 contains conclusions of the law to which no response is required. Any allegations of fact that are not expressly admitted are denied.

59. Claimants have insufficient information with which to admit or deny the allegations in Paragraph 59 and thus they are denied. Furthermore, Paragraph 59 contains

conclusions of law to which no response is required. Any allegations of fact that are not expressly admitted are denied.

60. Claimants do not have sufficient knowledge or information to admit or deny the factual allegations of Paragraph 60 and thus they are denied. Furthermore, Paragraph 60 contains conclusions of law to which no response is denied.

61. Claimants admit that the funds were seized but lack sufficient knowledge or information as to what, if any, warrants were issued by the Court. Any allegations of fact that are not expressly admitted are denied.

62. Paragraph 62 contains conclusions of law to which no response is required.

63. Paragraph 63 contains conclusions of law to which no response is required.

64. Paragraph 64 contains conclusions of law to which no response is required.

65. Denied.

66. Denied.

67. Paragraph 67 contains conclusions of law to which no response is required.

68. Paragraph 68 contains conclusions of law to which no response is required.

69. Paragraph 69 contains conclusions of law to which no response is required.

70. Paragraph 70 contains conclusions of law to which no response is required.

71. Denied.

72. Denied.

73. Paragraph 73 contains conclusions of law to which no response is required.

74. Paragraph 74 contains conclusions of law to which no response is required.

75. Paragraph 75 contains conclusions of law to which no response is required.

76. Paragraph 76 contains conclusions of law to which no response is required.

77. Paragraph 77 contains conclusions of law to which no response is required.

78. Denied.

79. Denied.

80. Paragraph 80 contains conclusions of law to which no response is required.

81. Paragraph 81 contains conclusions of law to which no response is required.

82. Paragraph 82 contains conclusions of law to which no response is required.

83. Denied.

84. Denied.

85. Paragraph 85 contains conclusions of law to which no response is required.

86. Paragraph 86 contains conclusions of law to which no response is required.

87. Paragraph 87 contains conclusions of law to which no response is required.

88. Denied

89. Denied

## AFFIRMATIVE DEFENSES

Claimants assert the following affirmative defenses to Plaintiffs' claims without waiving the right to assert any additional such defenses that may be shown to apply as investigation and discovery moves forward in this matter:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

### THIRD AFFIRMATIVE DEFENSE

The Defendant currency was not illicit, and therefore is not subject to forfeiture.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a violation of wire fraud or money laundering laws because there was no scheme to defraud.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a violation of wire fraud or money laundering because there was no intent to defraud.

### SIXTH AFFIRMATIVE DEFENSE

Forfeiture of the defendant currency is barred by the prohibition against excessive fines set forth in the Eighth Amendment to the United States Constitution.


Dated: October 21, 2020                                   Respectfully submitted,

    /s/ Katarina Stipec Rubio                         /s/ Manuel S. Varela
Katarina Stipec Rubio                                      Manuel S. Varela
**Adsuar Muñiz Goyco Seda &**                  **Lewis Baach Kaufmann Middlemiss**
**Pérez-Ochoa, P.S.C.**                                **PLLC**
208 Ponce de León Ave., Suite 1600        1101 New York Ave, NW, Suite 1000
San Juan, Puerto Rico 00918                     Washington, DC 20005
Bar ID: 206611                                              T: (202) 659-7874
T: (787) 281-1952                                         manuel.varela@lbkmlaw.com
kstipec@amgprlaw.com                             (*admitted pro hac vice*)


*Counsel for Claimants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of October, 2020, an electronic copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all ECF participants. I hereby certify that on this date, the foregoing was also served by e-mail to:

Mark Irish
Money Laundering & Asset Recovery Section
U.S. Department of Justice, Criminal Division
1400 New York Avenue NW
Rm. 10400
Washington, DC 20005
(202) 353-8891
Mark.Irish2@usdoj.gov

Daniel J. Olinghouse
Assistant United States Attorney USDC-PR No. GO3009
U.S. Attorney's Office
District of Puerto Rico
350 Carlos Chardon Street
San Juan, PR 00918
(787) 772-3975
Daniel.Olinghouse2@usdoj.gov

/s/ Katarina Stipec Rubio
Katarina Stipec Rubio
**Adsuar Muñiz Goyco Seda &
Pérez-Ochoa, P.S.C.**
208 Ponce de León Ave., Suite 1600
San Juan, Puerto Rico 00918
Bar ID: 206611
T: (787) 281-1952
kstipec@amgprlaw.com