IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THREE MILLION SEVENTY-TWO THOUSAND, TWO HUNDRED SIXTY-SIX DOLLARS AND FIFTY-NINE CENTS ($3,072,266.59) IN UNITED STATES CURRENCY, MORE OR LESS, SEIZED FROM E*TRADE SECURITIES LLC ACCOUNT XXXX5221 TITLED TO FOREIGN EXCHANGE BANK CORP. f/k/a MCS INTERNATIONAL BANK INC., *et al.*,

    Defendants *in rem*.

GUILLERMO GUIÑAZÚ,
FOREIGN EXCHANGE BANK CORP.,
and JOSE MANUEL GUIÑAZÚ,

    Claimants.

Case No. 19-CV-1236 (FAB)

### STIPULATION FOR COMPROMISE SETTLEMENT

The plaintiff, United States of America, by its attorneys, and the claimants, Guillermo Guiñazú, Foreign Exchange Bank Corp., and Jose Manuel Guiñazú, by and through their attorneys, hereby stipulate and agree as follows:

1. On or about October 9, 2019, the United States filed an Amended Complaint for Civil Forfeiture *in rem* against the defendant properties: (1) three million seventy-two thousand, two hundred sixty-six dollars and fifty-nine cents ($3,072,266.59) in United States currency, more or less, seized from E*Trade Securities LLC account xxxx5221 titled to Foreign Exchange Bank corp. f/k/a MCS International Bank Inc.; (2) nine hundred thirty-five thousand, five

hundred thirty-one dollars and eighty-nine cents ($935,531.89) in United States currency, more or less, seized from E*Trade Securities LLC account xxxx9450 titled to Foreign Exchange Bank corp. f/k/a MCS International Bank Inc.; and, (3) one million fifty-nine thousand, one hundred and twenty-one dollars and seventy-eight cents ($1,059,121.78) in United States currency, more or less, seized from E*Trade Securities LLC account xxxx8409 titled to Guillermo Guiñazú and Amelia Guiñazú (collectively "the defendant properties"). ECF. No. 18.

2.  The Amended Complaint alleges that the defendant properties constitute or are: (1) derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 and 1349 that are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C); and (2) involved in or traceable to violations of 18 U.S.C. §§ 1956 and 1957 that are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A). *Id.*

3.  On November 13, 2019, the claimants, by and through their attorneys, filed a claim to the defendant properties. ECF No. 24. On September 8, 2020, the claimants filed an answer to the complaint. ECF No. 49. On October 21, 2020, the claimants moved to amend their answer to the complaint, and the Court granted their motion. ECF Nos. 66, 69. The claimants represent that they are the sole owners of the defendant properties.

4.  No other claims and/or answers have been filed in this action, and pursuant to Rule G(5) of the Supplemental Rules of Certain Admiralty Maritime Claims, Federal Rules of Civil Procedure, the time for filing a claim and answer in this action has passed.

5.  The parties hereby agree to settle and compromise this action on the terms set forth below.

# TERMS OF SETTLEMENT

6. The claimants herby consent and agree to the entry of a judgment of forfeiture on the Amended Complaint for Civil Forfeiture *in rem* consistent with the following terms.

    A. The United States shall return to Jose Manuel Guiñazú, by and through his attorneys, the sum of $3,625,000.00 in United States currency via a payment made through the United States Treasury. Jose Manuel Guiñazú acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. §3716 and administered through the Treasury Offset Program (TOP), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state. Accordingly, Jose Manuel Guiñazú acknowledges that the amount to be returned to him under this settlement agreement may be reduced by the amount of any such delinquent debt that the United States Treasury is required to collect through TOP.

    B. Jose Manuel Guiñazú agrees that all right, title, and interest in the remaining defendant property, approximately $1,441,920.26 in United States currency, shall be forfeited to and shall vest in the United States of America for disposition according to law.

    C. Guillermo Guiñazú and Foreign Exchange Bank Corp. hereby withdraw their respective claims as to the defendant properties and stipulate and agree that the Court may dismiss them as claimants to this action.

7. Each party shall bear its own costs, attorney's fees, and expenses.

8. The claimants hereby waive any and all claims that they have or might have against the United States of America, the United States Department of Justice, the United States Marshals Service, the Federal Bureau of Investigation, and all agents, officers, and employees thereof (hereinafter the "Released Parties"), relating to the seizure or forfeiture of the defendant properties, including any claims for lost profits or interest.

9. The claimants agree to hold the Released Parties harmless from any and all claims of third parties pertaining to the defendant properties.

10. The claimants hereby stipulate that there was reasonable cause for the seizure and arrest of all the defendant properties and further stipulate that the Court may enter a certificate of reasonable cause under 28 U.S.C. § 2465(a)(2), as to each item of the defendant properties named in the complaint, and that the Judgment of Forfeiture shall constitute that certificate of reasonable cause.

11. The claimants hereby stipulate that the claimants did not substantially prevail in this civil proceeding and further agree not to seek attorney's fees, post-judgment interest, or interest accrued since the date of the seizure of the defendant properties under 28 U.S.C. § 2465(b).

12. If any person or entity other than claimants make a claim to the defendant properties and such claim necessitates any further forfeiture proceedings regarding the defendant properties, claimants agree to cooperate, to the extent they are able, with the United States in any such further forfeiture proceedings.

13. This stipulation contains the entire agreement between the claimants and the United States of America.

[Intentionally left blank]

14. The Court shall retain jurisdiction in this cause for the purpose of enforcing the terms of this stipulation for compromise settlement.

                                        W. STEPHEN MULDROW
                                        United States Attorney

                                        DEBORAH L. CONNOR, Chief
                                          Money Laundering and
                                          Asset Recovery Section

6/28/2021
Date

                                        Daniel J. Olinghouse
                                        Assistant United States Attorney
                                        Mark Irish
                                        Senior Trial Counsel
                                        Alejandra Arias
                                        Trial Attorney

6/28/2021
Date

                                        s/Manuel S. Varela
                                        Manuel S. Varela
                                        E. Jon A. Gryskiewicz
                                        Katarina Stipec
                                        Attorneys for Claimants

6-28-2021
Date

                                        Foreign Exchange Bank
                                        Claimant

6-28-2021
Date

                                        Guillermo Guiñazú
                                        Claimant

6/28/2021
Date

                                        Jose Manuel Guiñazú
                                        Claimant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this same date, June 28, 2021, I caused the foregoing to be filed with the Clerk of the Court using the CM/EMF system.

s/*Daniel J. Olinghouse*
Daniel J. Olinghouse
Assistant United States Attorney